**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

TERESA ANN PERRY
a/k/a TERESA ANN ZIMMERMAN

            Debtor

Case No.  02-30912

TERESA ANN PERRY

            Plaintiff

v.

EMC MORTGAGE CORPORATION

            Defendant

Adv. Proc. No.  08-3002

**MEMORANDUM ON MOTION
TO DISMISS, OR IN THE ALTERNATIVE,
FOR SUMMARY JUDGMENT**

**APPEARANCES:**    BOND, BOTES & LAWSON, P.C.
                              Cynthia T. Lawson, Esq.
                              5418 Clinton Highway
                              Knoxville, Tennessee  37912
                              Attorneys for Debtor/Plaintiff

                              GULLETT, SANDFORD, ROBINSON & MARTIN, PLLC
                              Thomas H. Forrester, Esq.
                              Post Office Box 198888
                              Nashville, Tennessee  37219-8888
                              Attorneys for Defendant

**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

This adversary proceeding is before the court upon the Complaint filed by the Debtor on January 4, 2008, asking the court to enter an Order (1) finding the Defendant, EMC Mortgage Corporation, in contempt for violating the discharge injunction of 11 U.S.C.A. § 524(a) (West 2004); and (2) finding the Defendant in contempt for violating the November 16, 2007 Order entered by the court declaring the Debtor's mortgage current through April 2007. On March 13, 2008, the Defendant filed a Motion to Dismiss, or in the Alternative, for Summary Judgment (Motion to Dismiss), arguing that the court does not have subject matter jurisdiction over this dispute. Contemporaneously therewith, the Defendant filed a Memorandum in support of the Motion to Dismiss, attached to which were two exhibits: (1) a letter dated April 5, 2007, addressed to the Debtor from Gwendolyn M. Kerney, Chapter 13 Trustee, advising that she had successfully completed her plan; and (2) the Affidavit of Scott Hunter, a bankruptcy analyst with the Defendant. The Debtor filed a Response to the Motion to Dismiss on April 1, 2008, along with a Brief in support thereof and three exhibits: (1) the Affidavit of Chapter 13 Trustee, Gwendolyn M. Kerney; (2) the Affidavit of the Debtor; and (3) a letter dated March 27, 2008, from the Debtor's attorney to the Defendant's attorney.

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(A), (O) (West 2005).

# I

The Debtor filed the Voluntary Petition commencing her Chapter 13 bankruptcy case on February 21, 2002. The Defendant is a creditor of the Debtor, by virtue of a Note dated November 26, 1997, secured by a lien on the Debtor's residence located at 1734 Harris Road,

Knoxville, Tennessee. On April 29, 2002, the court, without objection, confirmed the Debtor's Chapter 13 Plan pursuant to an Order Confirming Chapter 13 Plan. The Plan provided for the Debtor to make bi-weekly payments to the Chapter 13 Trustee of $325.00 for sixty months, plus all tax refunds in excess of $1,500.00, resulting in a dividend of 20-70% to nonpriority unsecured creditors. With respect to the Defendant, the Plan provided for the ongoing long-term monthly maintenance payments in the amount of $418.00 to be paid by the Chapter 13 Trustee commencing April 2002, with the loan balance and lien to survive the Plan, and for a prepetition arrearage of approximately $3,700.00 to be fully paid over the life of the Plan through monthly installments of $63.00. The Order Confirming Chapter 13 Plan additionally provided that "[e]xcept as otherwise provided . . ., property of the estate does not vest in the debtor until completion of the plan[.]" On September 18, 2002, the Defendant filed a proof of claim in the amount of $29,990.23, including pre- and post-petition arrearage of $7,185.37 through July 2002.

On May 10, 2007, the Trustee filed the Preliminary Trustee's Final Report and Certificate of Final Payment, which evidenced, *inter alia*, that the Debtor had fulfilled her obligations under the Plan and the Trustee had paid a total of $32,964.87 to the Defendant over the life of the Plan. Thereafter, on May 14, 2007, the court entered a Discharge of Debtor After Completion of Chapter 13 Plan (Discharge Order), granting the Debtor a discharge under 11 U.S.C.A. § 1328(a) (West 2004). The Discharge Order provides, *inter alia*, that "[d]ebts provided for under section 1322(b)(5) of the Bankruptcy Code and on which the last payment is due after the date on which the final payment under the plan was due" are not discharged and "a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the

bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case." The Trustee's Final Report was filed on July 18, 2007.

On October 25, 2007, the Debtor filed a Notice of Hearing and Motion for Order Declaring Mortgage Loan Current, asking the court to enter an order providing that the Debtor's mortgage obligation to the Defendant was current as of the date of the Debtor's discharge and that all fees, charges, or expenses added to the Debtor's account not in accordance with the Plan or approved by an order of the court be cancelled and discharged. The Defendant did not file a response in opposition to this motion nor did it appear at the hearing held on November 14, 2007. On November 16, 2007, the court entered an Order finding that the Debtor had made all postpetition maintenance payments required under the Plan, that she had paid all prepetition arrearages in full in accordance with the Plan, and that the Debtor's mortgage obligation to the Defendant was deemed current as of the date of the entry of discharge, May 14, 2007.

On January 4, 2008, the Debtor filed the Complaint initiating this adversary proceeding, alleging that the Defendant began refusing the Debtor's maintenance payments in October 2007, pursuant to its assessment that the Debtor was past due for September 2007 in the amount of $484.92, and asked the court to enter a contempt order for the Defendant's violation of the discharge injunction. The Defendant filed the Motion to Dismiss on March 13, 2008, stating that the Debtor had failed to state a claim upon which relief could be granted and that the bankruptcy court lacks subject matter jurisdiction over this post-discharge dispute between the parties.

## II

A defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6) (applicable in adversary proceedings by virtue of Rule 7012(b) of the Federal Rules of Bankruptcy Procedure). When contemplating a motion to dismiss under Rule 12(b)(6), the court should "construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand, C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001).

Although all factual allegations are accepted as true, the court is not required to accept legal conclusions or unwarranted factual inferences as true. *Mich. Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 533 (6th Cir. 2002). Instead, the focus should be upon "whether the plaintiff has pleaded a cognizable claim[,]" *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 452 (6th Cir. 2003), and the complaint contains "either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *League of Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007)).

When considering a motion under Rule 12(b)(6), the court should not rely upon any documents other than the pleadings. *Stangel v. I.R.S. (In re Stangel)*, 222 B.R. 289, 291 (Bankr. N.D. Tex. 1998). "Under certain circumstances, however, a document that is not formally incorporated by reference or attached to a complaint may still be considered part of the

pleadings[ . . .] when 'a document is referred to in the complaint and is central to the plaintiff's claim.'" *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999) (quoting 11 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 56.30[4] (3d ed. 1998)). The court may also rely upon public records or other documents appropriately encompassed by judicial notice set forth in Federal Rule of Evidence 201.[1] *New England Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003).

> Nevertheless, Rule 12(b) also states, in material part:
>
> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

FED. R. CIV. P. 12(b). Accordingly, a motion to dismiss under Rule 12(b)(6) will be "converted" to a motion for summary judgment governed by Rule 56 when the parties submit material beyond the pleadings that the court considers in its determination. *Higgason v. Stephens*, 288 F.3d 868, 874 (6th Cir. 2002); *Mich. Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 533 (6th Cir. 2002) (*citing Soper v. Hoben*, 195 F.3d 845, 850 (6th Cir. 1999)). "Material outside the pleadings includes affidavits, affirmative defenses, and judicial notice of the record or transcripts from prior court proceedings." *Fernandez v. GE Capital Mortgage Servs., Inc. (In re Fernandez)*, 227 B.R. 174, 180 (B.A.P. 9th Cir. 1998); *see also 50 Pine Co., LLC v. CapitalSource Fin., LLC (In re 50 Pine Co., LLC)*, 317 B.R. 276, 281 (Bankr. S.D.N.Y. 2004) ("[W]hen a party attaches to its motion to dismiss

---

[1] In its resolution of the present Motion to Dismiss, the court takes judicial notice of material undisputed facts of record in the Debtor's bankruptcy case file. *See* FED. R. EVID. 201.

6

documents which are extrinsic to the complaint, the court must either exclude such documents from consideration or convert the motion to a motion for summary judgment under Rule 56.").

Both parties filed additional documents outside the scope of the pleadings in support of their respective positions; however, the court did not consider these documents because, based upon the undisputed material facts of record in the Debtor's case file and the facts pled by the Debtor in the Complaint, even taken in a light most favorable to her, the Debtor has failed to plead a cognizable claim, and the Defendant's motion shall be granted.

### III

The Debtor avers that the Defendant violated the discharge injunction by refusing to accept post-discharge payments from the Debtor, by adding foreclosure and other expenses to the Debtor's mortgage payments post-discharge, and by refusing to accurately account for plan payments made by the Chapter 13 Trustee during the case and for post-discharge payments, beginning with the May 2007 payment. As a sanction for doing so, she asks the court to utilize its inherent powers under 11 U.S.C.A. § 105(a) (West 2004) and hold the Defendant in contempt.

Entry of a debtor's discharge triggers the "discharge injunction" which "operates as an injunction against the commencement or continuation of . . . an act, to collect, recover or offset any . . . debt as a personal liability of the debtor . . . [.]" 11 U.S.C.A. § 524(a)(2). "The purpose of such an injunction is to protect the debtor from suits to collect debts that have been discharged in

bankruptcy." *Hendrix v. Page (In re Hendrix)*, 986 F.2d 195, 199 (7th Cir. 1993).[2] Accordingly, once the discharge has been granted by the court, any creditor holding a prepetition claim or cause of action against the debtor may not attempt to hold him or her personally liable for any prepetition debts or liability thereon.

The discharge injunction is limited, however, to debts that are actually discharged. Here, the Debtor's mortgage obligation to the Defendant was not discharged and, thus, is not covered by the discharge injunction. A Chapter 13 discharge is governed by 11 U.S.C.A. § 1328 (West 2004), which provides, in material part:

> (a) As soon as practicable after completion by the debtor of all payments under the plan, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt—
>
>    (1) provided for under section 1322(b)(5) of this title[.]

11 U.S.C.A. § 1328(a)(1). Section 1322(b)(5) provides that ". . . the plan may— . . . (5) . . . provide for . . . maintenance of payments while the case is pending on any . . . secured claim on which the last payment is due after the date on which the final payment under the plan is due[,]" 11 U.S.C.A. § 1322(b)(5) (West 2004), including ongoing mortgage obligations such as the one owed to the Defendant. *See, e.g., In re Chess*, 268 B.R. 150, 153 (Bankr. W.D. Tenn. 2001) ("[B]y virtue of 11 U.S.C. §§ 1328(a)(1) and 1322(b)(5), the remaining balance owed on the debtor's long term home mortgage debt . . . was not discharged."). Because the mortgage obligation owed to the Defendant

---

[2] The discharge injunction carries on after the automatic stay terminates either by operation of law or by a request for termination under 11 U.S.C.A. § 362(c) and (d) (West 2004), respectfully. In this case, the stay against both the Debtor's property and other prohibited actions terminated on May 14, 2007, the date upon which her discharge was granted. *See* 11 U.S.C.A. § 362(c)(2)(C).

was not discharged in the Debtor's case, the discharge injunction of § 524(a)(2) does not apply. *Telfair v. First Union Mortgage Corp. (In re Telfair)*, 224 B.R. 243, 249 (Bankr. S.D. Ga. 1998) ("As the discharge does not affect the debt due [the mortgage holder], the discharge injunction of § 524 has no application.").[3]

Furthermore, because the Defendant has not violated any section of the Bankruptcy Code, there is no basis for finding the Defendant in contempt or assessing damages under 11 U.S.C. § 105(a), which defines the court's inherent powers as follows:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C.A. § 105(a). Although § 105(a) provides a bankruptcy court with the authority to take whatever action is appropriate and necessary to exercise its jurisdiction, "§ 105(a) is not without limits, may not be used to circumvent the Bankruptcy Code, and does not create a private cause of action unless it is invoked in connection with another section of the Bankruptcy Code." *In re Rose*, 314 B.R. 663, 681 n.11 (Bankr. E.D. Tenn. 2004). Instead, the court may only use § 105(a)'s equitable powers "in furtherance of the goals of the [Bankruptcy] Code." *Childress v. Middleton Arms, L.P. (In re Middleton Arms, L.P.)*, 934 F.2d 723, 725 (6th Cir. 1991). Since there have been no violations of the Bankruptcy Code, § 105(a) may not be used to "create" a cause of action.

---

[3] Additionally, as previously noted, the Discharge Order entered on May 14, 2007, expressly provides that § 1322(b)(5) debts are excepted from discharge.

9

As the Defendant argues in its Motion to Dismiss, the court does not have subject matter jurisdiction over any post-discharge dispute over the Debtor's mortgage obligation. Jurisdiction over bankruptcy matters is exclusive to the federal courts pursuant to 28 U.S.C.A. § 1334, which provides, in material part, that "the district courts shall have original and exclusive jurisdiction of all cases under title 11 . . . [and] . . . original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C.A. § 1334(a), (b) (West 2006). This limited subject matter jurisdiction may not be waived, and it may be raised at any time. *Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 630 (6th Cir. 1992); *Robinson v. Mich. Consol. Gas Co., Inc.*, 918 F.2d 579, 582 (6th Cir. 1990); *Matuscak v. United States Bankr. Ct. Clerk (In re Rini)*, 782 F.2d 603, 608 (6th Cir. 1986) ("It is well established that parties cannot somehow waive jurisdictional objections, nor can they consent to the jurisdiction of a court when that court lacks jurisdiction over the subject matter of their dispute."). The party alleging federal court jurisdiction bears the burden of proof. *Kmart Creditor Trust v. Conaway (In re Kmart Corp.)*, 307 B.R. 586, 590 (Bankr. E.D. Mich. 2004).

Section 1334 is supplemented by 28 U.S.C.A. § 157 (West 2006), allowing bankruptcy courts to hear "core proceedings," which encompass all actions arising under title 11 and/or arising in a case under title 11 and "invoke[] a substantive right created by federal bankruptcy law or one which could not exist outside of the bankruptcy." *Sanders Confectionary Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 483 (6th Cir. 1992). Cases "under title 11" refer to the actual bankruptcy cases "commenced in a federal district court or bankruptcy court with the filing of a petition [initiating the bankruptcy]." *Robinson*, 918 F.2d at 583. "Arising in" and "arising under" actions include matters

"that arise only in bankruptcy cases" such as adversary proceedings and contested matters concerning issues contained in or provided for by the Bankruptcy Code. *Dally v. Bank One, Chicago, N.A. (In re Dally)*, 202 B.R. 724, 727 (Bankr. N.D. Ill. 1996).

Section 157(c) allows the bankruptcy court to also hear non-core proceedings that are nevertheless "related to" bankruptcy proceedings. Matters are "related to" a bankruptcy case if "the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Robinson*, 918 F.2d at 583 (quoting *Pacor, Inc. v. Higgins (In re Pacor, Inc.)*, 743 F.2d 984, 994 (3d Cir. 1984)). A court may exercise "related to" jurisdiction if there is "some nexus between the action and the debtor's bankruptcy case[,]" *Beneficial Nat'l Bank USA v. Best Reception Sys., Inc. (In re Best Reception Sys., Inc.)*, 220 B.R. 932, 944 (Bankr. E.D. Tenn. 1998), or "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Robinson*, 918 F.2d at 583 (quoting *Pacor,* 743 F.2d at 994). The court's "related to" jurisdiction is "'comprehensive' but not 'limitless.' It does extend to suits between non-debtor parties, but only if the action has 'an effect on the bankruptcy estate.'" *Best Reception Systems*, 220 B.R. at 944 (quoting *Celotex Corp. v. Edwards*, 115 S. Ct. 1493, 1498 n.5 (1995)).

Nevertheless,

> it is important to note the distinction between the determination of whether a court has jurisdiction over a proceeding and the determination of whether the proceeding is "core" or "non-core." "These aspects of bankruptcy law are not interchangeable. The status of a proceeding as core or non-core does not affect the issue of jurisdiction." *Bank United v. Manley*, 273 B.R. 229, 238 (N.D. Ala. 2001). "Subject matter jurisdiction is the court's authority to entertain an action between the parties before it." *Am. Hardwoods, Inc. v. Deutsche Credit Corp. (In re Am. Hardwoods,*

11

> *Inc.)*, 885 F.2d 621, 624 (9th Cir. 1989). . . . Whether a matter is "core" or "non-core" under 28 U.S.C. § 157(b) then controls the extent to which the bankruptcy judge may exercise the district court's bankruptcy jurisdiction. *Id.* § 157(c). "The core/noncore determination under 28 U.S.C. § 157(b) and (c) implicates the bankruptcy court's power to render final orders or judgments; it is not a determination that the bankruptcy court either possesses or lacks subject matter jurisdiction over a particular proceeding." *Holly's, Inc. v. City of Kentwood (Matter of Holly's, Inc.)*, 172 B.R. 545, 556 (Bankr. W.D. Mich. 1994)[.]

*Hart v. Logan (In re Hart)*, No. 05-8001, 2005 Bankr. LEXIS 1187, at *7-8 (B.A.P. 6th Cir. June 24, 2005).

With respect to this adversary proceeding, the court finds that it does not possess subject matter jurisdiction to adjudicate this post-discharge dispute between these parties. The Debtor paid out her Plan according to its terms, resulting in the payment of all prepetition and postpetition arrearages owed to the Defendant prior to the entry of the Discharge Order, and she received her discharge, which expressly excludes her ongoing mortgage obligation owed to the Defendant. Because this obligation was not included within her discharge, the discharge injunction of § 524(a)(2) has no application. Furthermore, because the complained of default occurred post-discharge and post-termination of the automatic stay, the dispute between the Debtor and the Defendant does not arise under title 11, nor is it related to the Debtor's bankruptcy case.[4] Any post-bankruptcy issues concerning an alleged default upon the Debtor's ongoing mortgage obligation are subject to the jurisdiction of the state court, not the bankruptcy court. The Defendant's Motion to Dismiss is well-taken and shall be granted.

---

[4] Additionally, as provided in the April 29, 2002 Order Confirming Chapter 13 Plan, the Debtor's 1734 Harris Road residence ceased to be property of the bankruptcy estate "upon completion of the plan." *See* 11 U.S.C. § 1327(b) (2004) ("Except as otherwise provided in the plan or the order confirming plan, the confirmation of a plan vests all of the property of the estate in the debtor.").

An order consistent with this Memorandum will be entered.

FILED: May 2, 2008

> BY THE COURT
>
> */s/ RICHARD STAIR, JR.*
>
> RICHARD STAIR, JR.
> UNITED STATES BANKRUPTCY JUDGE